UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>TERRY MANUFACTURING<br>COMPANY, INC.<br><br>Debtor. | Case No. 03-32063 - WRS<br>Chapter 7 |
| In re:<br><br>TERRY UNIFORM<br>COMPANY, LLC,<br><br>Debtor. | Case No. 03-32213 - WRS<br>Chapter 7 |
| J. LESTER ALEXANDER III,<br>TRUSTEE OF TERRY<br>MANUFACTURING COMPANY, INC.<br>AND TERRY UNIFORM COMPANY,<br>LLC<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN MILLS, INC.,<br><br>Defendant. | Adv. Pro. No. 04-3081-WRS |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion of Defendant

Southern Mills, Inc. ("Southern Mills") for partial summary judgment.[1] (Doc. 24). This

matter was called for hearing on June 7, 2005. The Plaintiff and Trustee of Terry

---

[1] The Trustee filed its motion for summary judgment on December 3, 2004, and was denied by this Court's Order on January 31, 2005. (Docs. 12, 14, 18, 19).

Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC. ("Terry Uniform"), J. LesterAlexander, III, ("Trustee")[2] filed its opposition to the Defendant's motion on May 20, 2005. (Doc. 27). Southern Mills filed a reply memorandum in support of their motion for partial summary judgment on May 27, 2005. (Doc. 32). On June 6, 2005, the Plaintiff subsequently filed a sur-reply to Southern Mills' memorandum in support of its motion for partial summary judgment. (Doc. 39). The Court has considered the briefs and memoranda submitted by both parties as well as oral argument. (Docs. 1, 24, 27, 29, 32, 39). For the reasons set forth below, the motion of the Defendant for partial summary judgment is DENIED with respect to the defenses set forth in §§ 547(c)(1), and (4), however summary judgment is GRANTED with respect to the first payment listed in the Plaintiff's complaint in the amount of $107,042.49, as the Court finds that the payment fell outside of the ninety (90) day preference period.

## I. Conclusions of Law

### A. Introduction

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265

---

[2] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

(1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

## B. Discussion

Southern Mills has moved for summary judgment in its favor on the defenses of §§ 547(c)(1) and (c)(4), commonly referred to as the "contemporaneous exchange" and the "new value" defenses respectively.[3] In addition, Southern Mills contends that the April 7, 2003 payment was made outside of the ninety (90) day preference period.

---

[3] The Trustee has initiated this Adversary Proceeding in an attempt to recover the following payments that were made by Terry Manufacturing to Southern Mills. The payments in question occurred approximately on the following dates and in the following amounts:
$107,042.49 on April 7, 2003;   $52, 875.00 on April 9, 2003;
$162, 252.00 on April 14, 2003; $130, 087.08 on April 22, 2003;
$57, 991.95 on April 24, 2003;  $176, 542.20 on April 28, 2003;

3

### 1. Contemporaneous Exchange for New Value Defense

Section 547(c)(1) provides,

> [t]he Trustee may not avoid under this section a transfer-(1) to the extent that such transfer was-(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1).

The Court finds that there are disputed facts with respect to this defense. Southern Mills asserts that this defense is applicable with respect to $837,988.92 of the transfers that it made during the preference period. (Doc. 24). Southern Mills contends that shipments of new cloth, totaling $837,988.92, "underlying Invoice Numbers 216567, 216568, 216704, 216900, 217229, 217484, 217785, 218235, and 218454 each satisfy the requirements of Section 547(c)(1)." (Doc. 24).[4] Southern Mills argues that each of the transfers were "substantially contemporaneous" and provided the Debtor with a material benefit. (Doc. 24). The Trustee takes a different position arguing that the requirements of § 547(c)(1) cannot be met in this case because the payments in question were not for "contemporaneous exchanges," rather they were payments for "antecedent debt." (Doc. 27). In support of this position, the Trustee points to a letter agreement between Terry Manufacturing and Southern Mills dated March 25, 2003, which directs as a condition to receiving additional payments, Southern Mills must conform to particular payment terms.

---

$194, 348.70 on May 6, 2003;   $81, 000.00 on May 15, 2003;
$126, 711.36 on May 20, 2003.

(Doc. 1).

[4] It is further contended by Southern Mills that both it and Terry Manufacturing intended that cloth included on invoice numbers 218803 and 218806 and a check numbered 71985 to be a contemporaneous exchange, however that check was returned for insufficient funds. (Doc. 24).

4

One of the payment terms specified in the letter agreement was that "*[a]ll payments received while the account is past due will be applied to the oldest invoice* (based on due date, be it finance charge or merchandise) *first, then the next oldest invoice, and so on until exhausted*." (Doc. 27) (emphasis added). The Trustee asserts that this fact alone precludes the application of § 547(c)(1) as a viable defense for Southern Mills. The Court finds that material facts are in dispute thereby precluding entry of partial summary judgment as to this defense.

   **2. New Value Defense**

Section 547(c)(4) provides,

> [t]he trustee may not avoid under this section a transfer- (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor- (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

11 U.S.C. § 547(c)(4).

The Court also finds that there are disputed facts with respect to this defense. Southern Mills asserts that it extended new value in the form of new cloth in the amount of $962,911.08, leaving only $125, 939.70 in dispute. (Doc. 24). Conversely, the Trustee argues that summary judgment must be denied as to this defense because the calculations submitted by Southern Mills show that a number of invoices actually precede the first payment, and therefore cannot be used to calculate subsequent new value. (Doc. 27). This factual dispute alone precludes entry of summary judgment as to this defense. Furthermore, as other defenses are at issue in this preference action, the Court finds that it would be inappropriate as well as a violation of the plain language of § 547(c)(4) to grant

5

summary judgment in favor of Southern Mills on this defense. The Court in In re

Phonenix Restaurant Group, Inc., 2005 WL 114327, at *8 (M.D. Tenn. Jan. 10, 2005)

stated,

> [t]hat "the debtor did not make an *otherwise unavoidable transfer*" to the creditor on account of new value is a predicate to the subsequent new value defense; "it requires the court to *analyze other available defenses* to paid new value first[.]" (citations omitted). In other words, application of § 547(c)(4) "requires prior determination of whether the transfer is protected under *other portions* of Code § 547." (citation omitted) (emphasis added).

In re Phonenix Restaurant Group, Inc., 2005 WL 114327, at *8 (M.D. Tenn. Jan. 10, 2005).

Further on this point, the Court notes that Southern Mills in its motion maintains that the defense of § 547(c)(2) is still applicable to all payments attempting to be avoided by this preference action. (Doc. 24). Accordingly, as the Court has found that other defenses have yet to be adjudicated, the Court finds that Southern Mills' motion for summary judgment as to § 547(c)(4) must be DENIED.

**3. Payment in the amount of $107, 042.49**

The Trustee initiated this Adversary Proceeding seeking to recover a total of nine prepetition payments. The Court finds that the first payment at issue in the amount of $107, 042.49[5], fell outside of the ninety (90) day preference period provided by § 547(b)(4)(A).[6] Terry Manufacturing filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 7, 2003. (Case No. 32063, Doc. 1). It is alleged that Check

---

[5] Check No. 71400 in the amount of $107, 042.49, was received by Southern Mills on April 3, 2003. (Doc. 24).

[6] § 547(b)(4)(A) provides that the transfer sought to be avoided must have occurred "on or within 90 days before the date of the filing of the petition…"

No. 71400 cleared Terry Manufacturing's bank on April 7, 2002.[7] (Doc. 1). The Court finds that the 90th day, for purposes of § 547(b)(4)(A), fell on April 8, 2003. Following the majority view, the date of April 8, 2003, is determined by counting backward from the date of the petition, excluding the date of the petition and including the date of the transfer. See In re Levinson (Levinson v. Security Savings Bank, SLA), 128 B.R. 365, 367 (Bankr. S.D.N.Y. 1991) (and cases cited therein). At the June 7, 2005 hearing on this matter, the Trustee argued that Federal Rule of Bankruptcy Procedure 9006(a) applies to extend the ninety (90) day preference period of § 547(b)(4)(A). This line of argument does not help the Trustee in this case. Counting backward from the date of the petition, the terminal date is July 7, 2003, which did not fall on a "Saturday, Sunday, or a legal holiday." Moreover, the courts that hold that Rule 9006(a) applies to § 547(b)(4)(A) conclude that its use is limited to either excluding the date of the petition or the date of transfer. See In re Green, 223 F.3d 1064, 1069; In re Levinson, 128 B.R. 365, 367. In these decisions Rule 9006(a) is used to exclude "the day of the act, event, or default." An alternative way to analyze the nexus between the two statutes is to conclude that while courts may invoke the principal of Rule 9006(a), that statute itself is inapplicable to § 547(b)(4)(A). See In re Green, 223 F.3d 1064, 1069 (holding that § 547(b)(4)(A) does not constitute an "applicable statute" for purposes of Rule 9006(a) and therefore cannot be used to extend the ninety (90) day preference period). Irrespective of the type of analysis chosen by the Court in determining whether Rule 9006(a) applies to § 547(b)(4)(A), the fact remains that the payment of $107, 042.49, was made ninety one (91) days before the filing of the petition and therefore occurred outside of the ninety (90)

---

[7] A transfer occurs, for purposes of § 547(b)(4)(A), when the check is honored by the debtor's bank. See In re Green (Green v. Locke), 223 F.3d 1064, 1067 (9th Cir. 2000) (citing Barnhill v. Johnson, 503 U.S. 393, 395, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992)).

day preference period. Accordingly, summary judgment is GRANTED in favor of Southern Mills with respect to the first payment in the amount of $107, 042.49. Further, summary judgment is DENIED with respect to the defenses set forth in §§ 547(c)(1) and (4). The Court will issue an Order by way of a separate document that is consistent with this Memorandum Decision.

Done this 9th day of June, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorneys for Plaintiff
   Thomas M. Byrne,
   Jennifer M. Rubin, Attorneys for Southern Mills